**In re INTERNEURON PHARMACEUTICALS LITIGATION.**

No. Civ.A. 97–12254–REK.

United States District Court, D. Massachusetts.

June 3, 1999.

David Pastor, Kenneth G. Gilman, Gilman & Pastor, Boston, MA, Peter A. Lagorio, Boston, MA, Edward L Manchur, Gilman & Pastor, Boston, MA, Robert P. Frutkin, Savett Frutkin Podell & Ryan, PC, Philadelphia, PA, Peter S. Pearlman, Cohn, Lifland, Pearlman, Herrmann & Knopf, Saddle Brook, NJ, Joseph H. Weiss, Jack I. Zwick, David C. Katz, Weiss & Yourman, New York City, for Peter Cusmano.

Kenneth G. Gilman, Gilman & Pastor, Boston, MA, for Joseph Giuliano, Joann Giuliano, Arthur Maxwell, Duane Platz, Robert K. Weiner and IRA.

Glen DeValerio, Berman, DeValerio & Pease, Boston, MA, for Norm Bardin and Jacob Davidson.

Edward F. Haber, Shapiro, Grace & Haber, Boston, MA, for Gershon Sontag and Nathan Sontag.

Thomas G. Shapiro, Edward F. Haber, Shapiro, Grace & Haber, Boston, MA, Jeffrey S. Abraham, New York City, Joseph H. Weiss, Weiss & Youman, New York City, Jules Brody, Mark Levine, New York City, for Menachem Merel and Mayer Schwimmer.

Thomas G. Shapiro, Edward F. Haber, Shapiro, Grace & Haber, Boston, MA, Peter S. Pearlman, Cohn, Lifland, Pearlman, Herrmann & Knopf, Saddle Brook, NJ, for Robert E. Sibley.

Peter A. Lagorio, Gilman & Pastor, Boston, MA, Edward L. Manchur, Gilman & Pastor, Boston, MA, Vincent T. Gresham, Law Offices of Vincent T. Gresham, Atlanta, GA, for Garth O. Gordon.

Thomas G. Shapiro, Edward F. Haber, Shapiro, Grace & Haber, Boston, MA, I. Stephen Rabin, Rabin & Peckel, LLP, New York City, Leo W. Desmond, Law Offices of Leo W. Desmond, West Palm Beach, FL, for Sonja Strom.

Glen DeValerio, Norman Berman, Berman, DeValerio & Pease, Boston, MA, John Halebian, Wechsler, Harwood, Halebian & Feffer, LLP, New York City, Roy Jacobs, New York City, for Irving Malawer.

Thomas J. Dougherty, James R. Carroll, Skadden, Arps, Slate, Meagher & Flom, Boston, MA, Anthony W. Clark, Skadden, Arps, Slate, Meagher & Flom, LLP, Wilmington, DE, for defendants.

## PRACTICE AND PROCEDURE ORDER NO. 9 AND MEMORANDUM IN EXPLANATION

KEETON, District Judge.

### *Memorandum in Explanation of Order No. 9*

#### I. Introduction

At the hearing of record on March 18, 1999, the court, in an order designated as Practice and Procedure Order No. 7, denied the Defendants' Motion to Vacate Practice and Procedure Order No. 6 (Docket No. 54) denying Defendants' Motion to Dismiss (Docket No. 30) without prejudice to the filing at an appropriate time a motion for summary judgment raising essentially the same substantive law issues.

Also, at that hearing the court allowed plaintiffs time to file a further submission bearing upon the motion for class certification and opposition to it, and set a schedule for a responsive submission by defendants and for a Case Management Conference on the matter. The court stated orally on the record tentative views on some of the issues bearing on class certification, and reasons for them.

With the purpose of contributing to sharpening the focus on potentially decisive issues, on March 22, 1999 the court issued Practice and Procedure Order No. 8 and Memorandum in Explanation (Docket No. 62), summarizing and supplementing the oral statement of tentative views made on March 18 and reasons for them. That order set a schedule for additional filings.

Now before the court, in additional filings, are the following:

(1) Plaintiffs' Supplemental Memorandum in Support of Class Certification (Docket No. 65, filed April 12, 1999), with Affidavit of Frank C. Dorkey and Attachments A–D (Docket No. 66, filed April 12, 1999); and

(2) Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification (Docket No. 68, filed May 3, 1999) and Appendix of Exhibits A–O (Docket No. 69, filed May 3, 1999).

#### II. Background

Plaintiffs brought this class action against defendants alleging various securities-fraud claims. The controversy arises from defendants alleged scheme and course of conduct to defraud purchasers of the common stock of Interneuron by omitting and/or misrepresenting material information concerning the defendants weight-loss drug, marketed under the name Redux.

Plaintiffs allege that defendants knew or recklessly disregarded material facts showing that Redux had been linked in Europe to heart-valve damage, and that defendants knew of or recklessly disregarded adverse-reaction reports regarding Redux that showed conditions linked to heart-valve dam-

age. In addition, plaintiffs allege that in March of 1997 defendants learned of 17 cases of heart-valve damage in Fen-phen users (Fen-phen is a drug similar to Redux that was also marketed by defendants). Plaintiffs assert that these alleged omissions and/or misrepresentations caused the price of Interneuron common stock to drop 26%.

Plaintiffs brought suit under Sections 10(b) and 20(a) of the Securities Exchange Act, in addition to claims for negligent misrepresentation and common law fraud and deceit.

III. Procedural History

Defendants previously brought a motion to dismiss that this court denied without prejudice at the hearing of March 18, 1999. In denying the motion to dismiss, the court stated provisional findings that the plaintiffs did not meet the requirements of particularity of pleading charges of fraud or misrepresentation or nondisclosure. Rather than dismissing the action, however, the court determined that the appropriate course of action would be to allow further submissions with respect to this issue and with respect to proposed appropriate class periods and class representatives.

Defendants then filed a motion to vacate my denial of the motion to dismiss. For case management reasons, I denied that motion. I continue to hold the belief that it would be improper to dismiss this case at this time. For the reasons stated below, however, including case management reasons, I find that it is also inappropriate to certify a class unless plaintiffs meet the heightened pleading requirements necessary to sustain this class action.

IV. Motion for Class Certification

A. No Material Change from Key Elements of Plaintiffs' Previous Position

Key elements of the plaintiffs' position, both as presented at and before the hearing of March 18, 1999 and in the submissions filed after that hearing, are the following:

(1) Plaintiffs urge the court to certify a class of the largest conceivable breadth; and

(2) Plaintiffs urge that they not be required to comply with either the heightened pleading requirements applicable generally to claims of fraud under Federal Rules of Civil Procedure or the added requirements applicable to securities fraud litigation.

B. Adequacy of Representation and Heightened Pleading Requirements

A class cannot be certified unless an adequate class representative can be found. In instances in which one element of an asserted claim is satisfaction of heightened pleading requirements, failure to satisfy this element is fatal to a person's claim to be an adequate representative. Plaintiffs have the burden of proving that an adequate representative exists and that a class should be certified.

As I stated on the record at the hearing of March 18, 1999, plaintiffs have repeatedly failed to plead particularized facts necessary to satisfy the heightened pleading requirements of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995. Significant portions of the complaint are pled on information and belief, and the court cannot just accept plaintiffs' unsupported inferences of fraudulent behavior based upon bald assertions. After lengthy discovery and numerous opportunities to state with particularity facts that sufficiently allege fraud and entity state-of-mind, plaintiffs continue to fail to identify any particular person with knowledge of a particular fraud.

None of the claims asserted meets the heightened pleading requirements. Thus, none of the proposed representatives has brought claims on which that person could adequately represent the proposed class. Plaintiffs have not shown that any of the representatives has a viable claim because they have not specified any fraud as to which any person would be able to offer proof within the scope of that specifically alleged fraud. The plaintiffs must plead the factual elements of a fraud with particularity, and plead that a particular person among the proposed class representatives can prove that she or he suffered a loss from that particularized fraud. If plaintiffs fail to sat-

isfy these pleading requirements, it is inappropriate to certify a class at this time. Plaintiffs' failure to meet the specificity of pleading requirement is so complete that no identifiable person has been alleged to be capable of meeting the requirement. This posture of the record leaves in grave doubt whether any such person exists.

C. Proposed Inferences and Presumptions

 As to facts that would be required to support such a broad class as plaintiffs seek, they ask the court to hold that an attorney affidavit making assertions of fact and assertions of conclusions the attorney claims to infer from those asserted facts cannot be challenged by opposing counsel or the court. Bluntly stated, plaintiffs claim that the court, for all purposes associated with considering their motion for class certification, must presume that the facts, including those as to state-of-mind of defendants, are as plaintiffs assert, regardless of how implausible, self-contradictory, or contrary to indisputable objective circumstances they may appear to the court to be. This bold assertion plaintiffs argue is firmly established by precedent binding upon this court.

The facts in this case are plainly in dispute. Plaintiffs assert as truth some inferences that are not sensible in light of the disputed facts. I am not bound blindly to accept factual allegations, and inferences drawn therefrom, proposed by the plaintiffs. I conclude that it would be inappropriate, in the exercise of discretion even if assuming that rules and precedents confer such discretion, to certify a class where no adequately specific pleading of any fraud has been filed. Plaintiffs provide no support for their asserted inferences other than the affidavit of Frank Dorkey who, in analyzing the response of stock prices to public information, expressly assumes all facts in the complaint as true.

The tentative view I have expressed and invited counsel to address is that I should not certify a class in the circumstances of this case unless plaintiffs meet a burden of satisfying both of two steps in pleading actionable fraud with the specificity required by rule and statute:

(1) Pleading specifically some loss suffered by some identified plaintiff caused by some particularized false representation, and

(2) pleading specifically some identified person who made that false representation with the state-of-mind of knowing its falsity or acting with reckless disregard for its truth or falsity.

Counsel for plaintiffs and defendants have been unable to cite precedent squarely in point as either accepting or rejecting this two-fold formulation of the heightened pleading requirement applicable to a motion for class certification, and I am aware of none. Plaintiffs resist this view and assert that I must assume to be correct their contentions that they will be able to prove with particularity at trial claims they are unable or unwilling even to plead with particularity now, after lengthy discovery.

I am not persuaded that the inferences drawn by plaintiffs attorneys are the only sensible inferences that can be drawn from the record now before the court. I conclude that I cannot certify a class based upon unsupported inferences alleged by plaintiffs' attorneys.

Plaintiffs, given an opportunity to make a proffer suitable as an initial step toward an evidentiary hearing on their motion to certify a class, have chosen instead to stand on their contention that they are entitled to class certification without satisfying the heightened pleading requirement either as to the class, or as to any particular person who might be identified as an appropriate class representative, or as to an identified person and identified misrepresentation by that person.

Treating the issue before me as one of first impression, I conclude, in the circumstances of this case, that the present motion for class certification should be DISMISSED.